UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23429-Civ-COOKE/GOODMAN

MICHAEL LAVIGNE, JENNIFER LAVIGNE,
CODY PYLE, JENNIFER RIBALTA, JEFF
RODGERS, PATRICIA RODGERS, et al.,

Plaintiffs,

vs.

HERBALIFE, LTD., HERBALIFE
INTERNATIONAL, INC., et al.,

Defendants.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO TRANSFER VENUE TO THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1404(a) [ECF NO. 63]**

Plaintiffs Jeff Rodgers, Patricia Rodgers, Michael LaVigne, Jen LaVigne, Izaar Valdez, Felix Valdez, Cody Pyle and Jen Ribalta ("Plaintiffs"), respectfully submit this response in opposition to Defendants' Joint Motion to Transfer Venue to the Central District of California Pursuant to 28 U.S.C. §1404(a). For the reasons stated herein, the Motion to Transfer should be denied.

## INTRODUCTION

This lawsuit concerns Defendants' predatory event system enterprise, designed to utilize the pretense of guaranteed wealth to lure Plaintiffs and others similarly situated into expending substantial resources participating in aggressively manipulative "Circle of Success" events, injuring them for Defendants' sole financial benefit. *See* ECF No. 1 ("Compl.") ¶1 ("This action seeks recovery from a corrupt organization of individuals and entities who act together, using misrepresentation and deceit, to sell access to a series of emotionally manipulative live events.").

Defendants want it both ways. In their Motion to Transfer, Defendants take the position that the forum selection clause in the distributor agreements of certain Plaintiffs must apply, while in their Motion to Compel Arbitration [ECF No. 62], they argue that the part of

1

that clause they do not like – the part that requires any case to be brought in federal district court rather than in arbitration – cannot apply. *See id.* Defendants therefore concede that in the event the Court transfers this case to California, their Motion to Compel Arbitration must be denied, at least insofar as it relates to those Plaintiffs who did not sign a distributor agreement containing an arbitration provision.[1]

Contrary to Defendants' wishful contention, this case does not concern the distributor agreements. These questionable agreements are not referenced in the Complaint, which details an elaborate event system enterprise, independent of the distributor relationship and agreements, involving numerous persons and entities that are not parties to those agreements. In fact, the vast majority of transactions implicated by this lawsuit occurred between the Plaintiffs and the Individual Defendants and were not subject to the terms of any contract. This separate event scheme impacted all Plaintiffs and putative class members. Compl. ¶6 (attendees are told "If you go to all the events, you qualify for everything – you will get rich"). Plaintiffs, all of whom spent thousands of dollars attending these events, received no financial benefit for doing so despite Defendants' false guarantees. Compl. ¶7. Had Defendants disclosed that there was no correlation between financial success and event attendance, Plaintiffs would not have participated in the event system. Compl. ¶11.

Florida is the nerve center of the Circle of Success event enterprise. A substantial portion of the alleged conduct took place in Florida and many of the parties, both Plaintiffs and Defendants, reside in Florida, as do witnesses and physical evidence of the scheme. Compl. ¶¶15-17, 42-46, 50, 71-74, 102, 107, 131, 136, 157, 183-85, 197, 201, 206, 226-27, 262, 265-66, 268, 270, 273, 277, 284, 286, 288, 291, 293, 314, 317, 325, 340, 370. Florida has the stronger interest in this litigation, which concerns a Florida centered conspiracy involving extensive commerce and misconduct in Florida. *See id*.

---

[1] As argued in Plaintiffs' opposition to Defendants' Motion to Compel Arbitration [ECF No. 86], the only agreement that could potentially mandate transfer is the Terms of Use on the myherbalife.com website, which Defendants' declarant Roxane Romans, Herbalife's Senior Director of Member Policy Administration, testified is an Herbalife "policy" and therefore incorporated in the distributor agreements. *See* ECF No. 86. To the extent the Court determines the dispute resolution provision in the Terms of Use supersedes the provision in the distributor agreements, the choice of a California forum contained in the Terms would presumptively apply to the event purchases made by Plaintiffs over the myherbalife.com website.

The *Bostick* settlement and FTC consent decree likewise do not support transfer. Although Defendants claim that certain (but not all) Plaintiffs are subject to the California court's jurisdiction pursuant to *Bostick*, Plaintiffs' claims in this case are based on the "Circle of Success" event enterprise, which is separate and distinct from the fraudulent product purchasing scheme that formed the basis of the *Bostick* class action and FTC Complaint. In contrast to the distributorship sales pyramid, events are not exclusive to distributors or dependent upon a distributor relationship.

Further, as with Defendants' forum selection clause argument, their argument under *Bostick* and the FTC action could apply only to certain Plaintiffs. That is because although this case involves several Herbalife distributors, it is not ultimately about the Herbalife distributorship. The event scheme is carried out not just by Herbalife, but by a multitude of other Defendants, both persons and entities, who are not parties to the distributor agreements that underlie the *Bostick* and FTC cases. The event enterprise impacts any person lured into the system and damaged thereby regardless of whether they are Herbalife distributors. Plaintiffs were not all distributors, and event attendees are not required to become distributors to participate in "Circle of Success" events.

For all of these reasons, and those stated below, Defendants' motion to transfer venue to the Central District of California pursuant to 28 U.S.C. §1404(a) should be denied.

## ARGUMENT

I. **TRANSFER BASED ON THE FORUM SELECTION CLAUSE IS NOT WARRANTED PURSUANT TO §1404(a).**

   A. **The legal standard applied in *Atlantic Marine* does not govern this controversy.**

When considering a motion to transfer, the court applies a strong presumption in favor of the plaintiff's choice of forum, "which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *see also SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101 (11th Cir. 2004) ("plaintiffs' choice of forum should rarely be disturbed 'unless the balance is strongly in favor of the defendant'"); *Ashley Furniture Indus., Inc. v. Packaging Corp. of Am.*, 275 F. Supp. 3d 957 (W.D. Wis. 2017) (citing *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003)) (unless the balance of interest strongly favors the defendant, plaintiffs' choice of forum should rarely be disturbed). It is the movant's burden to

establish transfer is warranted, and this burden is high. *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, No. 10-20715, 2010 WL 3056600 (S.D. Fla. Aug. 4, 2010) (citations omitted).

Pursuant to 28 U.S.C. §1404(a), a district court may transfer a civil action to any other district where it might have been brought "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. §1404(a). The purpose of §1404(a) is to "avoid unnecessary inconvenience to the litigants, witnesses, and the public, and to conserve time, energy, and money." *Cellularvision Tech. & Telecomms., L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007). Once a court concludes that an action could have been brought in the transferee forum, the court weighs various factors in its discretion to determine whether transfer is justified. *Id.*; *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. 568, 581, n.6 (2013).

In this case-by-case analysis, courts should at a minimum consider the following public and private interest factors to determine whether transfer is appropriate:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Trinity Christian Ctr. of Santa Ana, Inc. v. New Frontier Media, Inc.*, 761 F. Supp. 2d 1322, 1326 (M.D. Fla. 2010) (citing *Manuel v. Convergys Corp.,* 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)).

Defendants argue incorrectly that *Atlantic Marine* governs this controversy and requires the Court to presumptively enforce the forum selection clause contained in the distributor agreements between Herbalife and certain Plaintiffs. ECF No. 63 at 8-9 (citing *Atlantic Marine*, 134 S. Ct. at 581). *Atlantic Marine* provides that when a valid forum selection clause applies to the entire controversy, the Court considers only public interest factors in determining whether transfer is warranted, and will enforce the forum selection clause in most circumstances. *See Atlantic Marine*, 134 S. Ct. at 581-82.

No such presumption applies in this case. As demonstrated below, the forum selection clause in the distributor agreements does not apply at all because this case does not implicate those agreements or arise from the distributor relationship. *See, e.g., Armco, Inc. v. N. Atl. Ins.*

4

*Co. Ltd.*, 68 F. Supp. 2d 330, 338-39 (S.D.N.Y. 1999) (citing *Anselmo v. Univision Station Group, Inc.,* No. 92 Civ. 1471(RLC), 1993 WL 17173, at *1-2 (S.D.N.Y. Jan.15, 1993)) (lawsuit based on allegations of wide ranging scheme to defraud was insufficiently related to contract containing forum selection clause to justify enforcement); *Curwood, Inc. v. Prodo-Pak Corp.*, No. 07-C-544, 2008 WL 644884, at *7 (E.D. Wis. 2008) (forum selection clause inapplicable where plaintiff's suit is broader than the scope of the clause).

However, even assuming the forum selection clause applied to the four Plaintiffs who Defendants claim are subject to it, the clause still does not apply to the remaining Plaintiffs.[2] Moreover, none of the Individual Defendants in this case were parties to the distributor agreements between those four Plaintiffs and Herbalife. Where, as here, the forum selection clause does not apply to all parties and claims, private interest factors are considered and the traditional §1404 transfer analysis applies. *See Elite Advantage, LLC v. Trivest Fund, IV, L.P.*, 15-22146-CIV, 2015 WL 4982997, at *9 (S.D. Fla. Aug. 21, 2015) (analytical framework of *Atlantic Marine* does not apply to claims of non-parties to the forum selection clause, therefore, a traditional §1404 analysis is required); *see also Ashley Furniture*, 275 F. Supp. 3d 957 (citing *In re Rolls Royce Corp.*, 775 F.3d 671, 677-79 (5th Cir. 2014) ("Like the Fifth Circuit, the court does 'not read *Atlantic Marine* to mandate severance and transfer of a party bearing a forum selection clause in all multiparty cases, regardless of countervailing considerations of judicial economy'… the transfer analysis is 'more complicated' when 'not all parties to the lawsuit have entered into a forum selection agreement.'"); *In re LMI Legacy Holdings, Inc.*, 553 B.R. 235, 256–58 (Bankr. D. Del. 2016) (denying motion to transfer where not all claims were subject to forum selection clause, severance was not warranted, claims were intertwined, and coordination between courts could not alleviate all of the issues that severance and transfer would cause); *TFT–LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2014 WL 1477748, at *2 (N.D. Cal. Apr. 14, 2014) (denying motion to transfer based on a forum selection clause that would require plaintiff's claims against one defendant to be tried separately from its substantially similar claims against the other defendants); *Aquila v. Fleetwood, R.V., Inc.*, No.

---

[2] Defendants make the forum selection clause argument only as to four of the Plaintiffs. *See* ECF No. 63 at 4, 8-13. They do not argue that the forum selection clause applies to the other four Plaintiffs which they claim are subject to arbitration. They seek alternatively to transfer the claims of those other Plaintiffs if they are not compelled to arbitration, but they do not state on what grounds.

12-CV-3281 (LDW) (GRB), 2014 WL 1379648, at *4–5 (E.D.N.Y. Mar. 27, 2014) (denying motion to transfer based on a forum selection clause by a defendant in "a case involving overlapping claims against multiple defendants" because of "the public interests in avoiding duplicative proceedings and potentially inconsistent results").

Accordingly, the §1404(a) analysis applicable to this case weighs strongly in favor of maintaining it in Plaintiffs' chosen forum because it is based on a wide-ranging conspiracy centered in Florida that affects both distributors and non-distributors, concerns multiple parties who Defendants concede are not subject to the forum selection clause, and involves a substantial amount of the conduct, evidence, and witnesses located in Florida. Considering that public policy favors judicial efficiency and disfavors piecemeal or inconsistent parallel litigation, Defendants' motion to transfer pursuant to the forum selection clause in the unrelated distributor agreements should be denied.

### B. The forum selection clause in the distributor agreements is inapplicable to this case.

Defendants argue that the forum selection clause in the distributor agreements of Plaintiffs Izaar Valdez, Patricia Rodgers, and Jennifer Ribalta bind those Plaintiffs along with Plaintiff Jeff Rodgers, Patricia's husband. ECF No. 63 at 4. However, a forum selection clause does not apply to claims that are broader in scope than the clause and agreement sought to be enforced. *See, e.g., Armco*, 68 F. Supp. 2d at 338-39; *Curwood*, 2008 WL 644884, at *7. Courts have held that where, as here, a lawsuit involves a conspiracy or wide range of misconduct that is not tied to the terms, time period or scope of an agreement containing a forum selection clause, the clause is inapplicable. *See id*. Similarly, here, Plaintiffs' claims are not tied to the distributor contracts and relationship. The claims involve the event system scheme, which does not arise from, and is not encompassed by the forum selection clause contained in agreements covering the purchase of Herbalife's products and pursuit of its so-called business opportunity. The event scheme also involves a multitude of parties not subject to the agreements. Thus, the forum selection clause in the distributor agreements does not apply to this case.[3]

---

[3] The forum selection clause contains the apparently defined term "Claim" which is capitalized but not defined within the document itself. However, this case does not fall within the various definitions of the word "Claim" found within Herbalife's rules and other numerous conflicting and ambiguous materials, which seem to define "Claim" only in relation to the Herbalife distributorship opportunity or products. *See, e.g.*, ECF No. 62-2, Exhibit

### C. Even if the clause applied to the four Plaintiffs who Defendants claim are subject to it, the §1404(a) factors weigh strongly against transfer to California.

Defendants acknowledge that the forum selection clause does not apply to half of the Plaintiffs. *See* ECF No. 63-1; *see also* ECF No. 63 at 5, n.3.[4] It also does not apply to a majority of the Defendants. Thus, the truncated analysis articulated in *Atlantic Marine* is inapplicable and does not compel transfer pursuant to the clause. Instead, a balancing of all the interests under §1404(a) is required, including consideration of both private and public interest factors, and unless the Terms of Use govern (*see supra* n.1; *infra* n.5), there is a strong presumption in favor of Plaintiffs' choice of forum. As discussed below, that balance weighs clearly in favor of maintaining the case in the Southern District of Florida.

#### i. The private interest factors favor the Florida forum.

The private interests to be balanced relate to the convenience of the parties and witnesses. 28 U.S.C. § 1404(a). They include the "plaintiff's forum preference as manifested in the original choice"; "the defendant's preference"; "whether the claim arose elsewhere"; "the convenience of the parties as indicated by their relative physical and financial condition"; "the convenience of the witnesses"; and "the location of books and records," *In re: Howmedica Osteonics Corp.*, 867 F.3d 390, 401–02 (3d Cir. 2017), *cert. denied sub nom. Nordyke v. Howmedica Osteonics Corp.*, 138 S. Ct. 1288 (2018) as well as "all other practical problems that make trial of a case easy, expeditious and inexpensive," *Atlantic Marine*, 134 S.Ct. at 581 & n.6. Here, none of the factors support transfer of this case.

Plaintiffs' choice of forum is Southern District of Florida. The claims arose out of an extensive event scheme whose center of activity is located in Florida. Compl. ¶370. As a result, a substantial portion of the conduct occurred in Florida, many of the parties and witnesses reside here, and much of the physical evidence concerning the event scheme is located in Florida. Compl. ¶¶15-17, 42-46, 50, 71-74, 102, 107, 131, 136, 157, 183-85, 197, 201, 206, 226-27, 262, 265-66, 268, 270, 273, 277, 284, 286, 288, 291, 293, 314, 317, 325, 340,

---

G, Chapter 6 §6.1; *id.* at Chapter 14. As shown herein, this case is not about the Herbalife distributorship opportunity or products.

[4] The forum selection clause also does not apply to Jeff Rodgers. Defendants erroneously contend that Mr. Rodgers' interests in this litigation are "completely derivative" of his wife Patricia's interests, therefore, he is purportedly bound by the clause in her agreement. *See* ECF No. 63 at 9, n.7. Although not ultimately relevant to the outcome of this Motion, Defendants are mistaken. Jeff Rodgers' claims are based on his own attendance at Circle of Success events, which did not depend upon him or his wife having a distributorship with Herbalife.

370. Defendants' private interest argument is based on the mistaken premise that the distributor relationship and agreements are central to Plaintiffs' claims, when in fact, the agreements are neither mentioned nor relevant to the events enterprise.[5] Because Herbalife is only one of many Defendant participants in the scheme, the fact that some of its records may be located in California does not change the fact that a substantial amount of the activity, and therefore physical evidence related to this particular scheme, is likely to be found in Florida.

Finally, concerning the convenience of the parties and their relative financial condition, Herbalife is a large public organization of substantial means with extensive business activity throughout the United States and in Florida. The Individual Defendants represent themselves as being of much greater means than the Plaintiffs, whom they essentially bankrupted in order to increase their own wealth. Twenty of the Individual Defendants reside in Florida, far more than in any other state, and twice as many as reside in California. *See* ECF No. 63 at 19. The Individual Defendants are jointly represented by the same national counsel, as well as local counsel in Florida. By comparison to the Defendants, it would present a hardship for the Plaintiffs, some of whom are in Florida or have family in Florida, and none of whom are located in California, to litigate in the California forum. Accordingly, the private interest factors weigh strongly against transferring the case.

### ii. The public interest factors favor the Florida forum.

The public interest factors also militate against transfer. These interests "are not necessarily tied to the parties, but instead derive from 'the interest of justice.'" *In re Howmedica Osteonics Corp.*, 867 F.3d at 402 (citing 28 U.S.C. §1404(a)). The public factors include the enforceability of a judgment, the relative administrative difficulty in the two fora resulting from court congestion, the local interest in deciding local controversies at home, the public policies of the fora, and the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

Here, Florida has the stronger interest in deciding this controversy as the place where the conspiracy is centered, a substantial amount of the alleged conduct and events occurred, and numerous parties and witnesses reside. Additionally, there is a strong public policy

---

[5] As argued in Plaintiffs' opposition to Defendants' Motion to Compel Arbitration, if any of Herbalife's confusing collection of terms, rules, and agreements applies to this case (none should apply for the reasons stated in Plaintiffs' Motion to Compel Arbitration [ECF No. 86]), it is the Terms of Use found on Herbalife's website. *See* ECF No. 86 at 9-11.

disfavoring piecemeal litigation and potentially conflicting parallel litigation, as well as a public policy favoring judicial economy, all of which weighs against transferring this case in which, at best, only some parties are subject to a forum selection clause. The choice of law issue has yet to be determined, however, that issue does not weigh heavily in the analysis, as "federal judges routinely apply the law of a State other than the State in which they sit." *Atlantic Marine Constr. Co. v. U.S. Dist. Court*, 134 S. Ct. at 584. Similarly, a judgment rendered in either forum should be enforceable, however, discovery orders concerning physical evidence and witnesses located in Florida are more easily enforced here. Although Herbalife claims that it resides in California, Defendants' motion ignores that there are many other Defendants that do not reside there, and that the conspiracy that is the subject of this Complaint is centered in Florida. Accordingly, the public interest factors also dictate that in the interests of justice and judicial economy, the entire case should remain in the Southern District of Florida.

### iii. A majority of the Defendants cannot enforce the forum selection clause because they are not parties to it.

Only Herbalife is a party to the distributor agreements containing the forum selection clause that Defendants seek jointly to enforce against some of the Plaintiffs. The remaining Defendants, who are not parties to the agreements with those Plaintiffs, are not entitled enforce them. *See Lisle Co. v. CH2M Hill Constructors, Inc.*, 4:15-CV-159 (CDL), 2016 WL 6948690, at *4 (M.D. Ga. Jan. 25, 2016) (citing *Bahamas Sales Assoc., LLC v. Byers*, 701 F.3d 1335, 1342 (11th Cir. 2012) ("Generally, 'one who is not a party to an agreement cannot enforce its terms against one who is a party.'") (quoting *Lawson v. Life of the S. Ins. Co.*, 648 F.3d 1166, 1167 (11th Cir. 2011))). Although some courts have allowed a non-signatory who is a third party beneficiary or "closely related" to a signatory to enforce a forum selection clause, *id.*, Defendants have not argued, nor can they show, that they are third party beneficiaries or "closely related" to Herbalife. Thus, the Defendants who are not parties to the distributor agreements have no interest to be considered with regard to enforcement of the disputed forum selection clause.

Accordingly, both private and public interest factors weigh strongly in favor of the Florida forum and Defendants' motion for transfer should be denied.

> iv. **Even assuming *Atlantic Marine* governed rather than a traditional §1404(a) analysis, this case falls under the special circumstances exception to *Atlantic Marine*.**

Courts have held that in circumstances such as these, it would be unreasonable to apply a forum selection clause to claims that exceed the scope of the agreement, or to parties that are not bound by it. Such circumstances fall under the exception to the *Atlantic Marine* presumption in favor of enforcing a valid forum selection clause. For example, in *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2014 WL 1477748, at *1, the forum selection clause at issue was contained in an agreement that governed purchases between one plaintiff and one defendant during a certain time period. It did not cover claims by the other two plaintiffs, or against any other defendants. It also did not cover any of plaintiffs' indirect purchaser claims or claims based on co-conspirator liability. Because plaintiffs alleged "an array of conspiratorial conduct by multiple defendants" spanning a ten-year timeframe that did not correlate to the timeframe or terms of the agreement, a "vast majority of the alleged wrongdoing" was not governed by the agreement. *Id*. Additionally, enforcement of the forum selection clause would require substantially similar claims to be tried separately. *Id*. at 2. Accordingly, the court concluded "that enforcing the forum selection clause under these circumstances would contravene the federal public policy in favor of 'efficient resolution of controversies.'" *Id*.

In *Woods v. Christensen Shipyards, Ltd.*, 04-61432-CIV-ZLOCH, 2005 WL 5654643, at *11 (S.D. Fla. Sept. 23, 2005), the court held that where enforcement of a forum selection clause that existed between only some of the parties would result in "parallel proceedings in different forums on the same set of facts and legal issues," it "would lead to the 'unreasonable' and 'unjust' result of judicial inefficiency and potentially competing judgments." *Id*. (citing *Mylan Pharm., Inc. v. Am. Safety Razor Co.*, 265 F. Supp. 2d 635, 639 (N.D. W.Va. 2002) and *Nippon Fire & Marine Ins. Co. v. M/V Sorinqwave*, 92 F. Supp. 2d 574, 577 (E.D. La. 2000) (declining to enforce a forum selection clause where the same facts and same legal theories would be litigated against the same party by other parties who were not parties to the forum selection clause); *Dias v. Mediterranean Shipping Co.*, 2003 WL 23190184, at *2 (S.D. Fla. Aug. 5, 2003)); *cf. Phi, Inc. v. Apical Indus., Inc.*, 6:13-CV-00015, 2014 WL 1820717, at *12 (W.D. La. Mar. 7, 2014), *report and recommendation adopted as modified sub nom. Petroleum Helicopters,*

*Inc. v. Apical Indus., Inc.*, CIV.A. 13-0015, 2014 WL 1820859 (W.D. La. May 7, 2014), *rev'd and remanded sub nom. In re Rolls Royce Corp.*, 775 F.3d 671 (5th Cir. 2014) (declining to apply *Atlantic Marine* where it would honor the expectations of the parties to a limited warranty agreement, but would have an unexpected adverse effect on the other parties to the lawsuit who had no relationship to the warranty contract, such result should not be permitted).

      Similarly, here, severance or complete transfer of the case would have an adverse effect on Plaintiffs who are not subject to the forum selection clause. It would be unreasonable and unjust to apply the clause to those Plaintiffs, particularly considering that the traditional §1404(a) factors weigh heavily in favor of the Florida forum, such that Defendants would not be unduly inconvenienced or prejudiced by maintaining the lawsuit in Florida. Although some Herbalife corporate records and witnesses may reside in California, the other Defendants reside throughout the United States, many in Florida. *See* Compl. ¶¶16, 227, 288, 314, 317. Herbalife, a Cayman Islands company, also carries out extensive business operations in Florida, where the event scheme is centered and much of the relevant conduct took place. Compl. ¶¶15, 17, 370. Thus, many of the witnesses and much of the physical evidence is located here. It would be as unduly prejudicial and unreasonable to transfer the claims of those Plaintiffs who did not sign a forum selection clause, as it would be to sever the claims and require Plaintiffs to proceed in parallel proceedings; and neither outcome would serve the interests of judicial economy. This case does not concern the distributor relationship that the agreements containing the forum selection clause purport to govern. Because enforcement of the forum selection clause would lead to unreasonable and unjust results, this case falls under the special circumstances exception to *Atlantic Marine* and should not be transferred pursuant to the forum selection clause.

    **II.    TRANSFER IS NOT WARRANTED BASED ON THE *BOSTICK* SETTLEMENT OR FTC CONSENT DECREE.**

      Defendants also argue that the entire case should be transferred based upon the class settlement in *Bostick* and the consent decree in the FTC action against Herbalife. They argue that based on those actions, there is an "overwhelming interest in judicial economy" that favors transfer under the §1404(a) balance of interests. To the contrary, those actions do not affect this case, and as with the forum selection clause, they do not provide sufficient grounds

to justify the substantial prejudice that transfer would cause to those Plaintiffs who Defendants admit are not subject to them.

Neither *Bostick* nor the FTC action concerned the Circle of Success enterprise that is the subject of this Complaint, and neither accounted for the damages flowing from event attendance. Instead, those cases involved allegations of fraud in connection with the purchase of Herbalife products, and the compensation paid for recruiting new participants into the scheme as governed by the various distributor agreements. *See* ECF No. 1 ¶¶19-21 (citing FTC complaint at Exhibit 1 thereto); *see also* ECF No. 63, Ex. 61-3. A majority of the Defendants were not parties to the FTC or *Bostick* actions. *See id*. Defendants concede that at least half of the Plaintiffs are not subject to the *Bostick* settlement. *See* ECF No. 63 at 5, n.3. Therefore, any determination by this Court that certain claims should be transferred pursuant to *Bostick* does not support transfer of the entire case. Likewise, Plaintiffs are not seeking to enforce the FTC consent decree, nor were any of the Plaintiffs or most of the Defendants parties to it. Whether or not some of Herbalife's actions may have also violated the consent decree is the FTC's concern, and does not negate Plaintiffs' separate claims against all of the Defendants, including Herbalife.

As argued above, the private and public interest factors strongly favor maintaining this case in the Southern District of Florida, and these two prior separate and distinct actions do not alter that conclusion.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an order denying Defendants' Joint Motion to Transfer and providing for such further relief as the Court deems just and proper.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Southern District of Florida Local Rule 7.1(b), in light of the complexity of the issues raised herein and in Defendants' Motion to Transfer [ECF No. 63], Plaintiffs respectfully request oral argument. Plaintiffs estimate that one hour will be required.

Dated: May 14, 2018                                    Respectfully submitted,

                                                      MARK MIGDAL & HAYDEN
80 SW 8th Street
Suite 1999
Miami, FL 33130
Telephone: 305-374-0440

By: *s/ Etan Mark*
     Etan Mark, Esq.
     Florida Bar No. 720852
     etan@markmigdal.com
     Donald J. Hayden, Esq.
     Florida Bar No. 097136
     don@markmigdal.com
     Lara O'Donnell Grillo, Esq.
     Florida Bar No. 37735
     lara@markmigdal.com
     eservice@markmigdal.com

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the 14th day of May, 2018 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on all Defendants in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, by process server or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                         By: *s/ Etan Mark*
                                                Etan Mark, Esq.

**SERVICE LIST**

Steve I. Silverman, Esq.
Todd A. Levine, Esq.
Erin E. Bohannon, Esq.
KLUGER, KAPLAN, SILVERMAN,
KATZEN & LEVINE, P.L.
201 South Biscayne Boulevard
Suite 2700
Miami, Florida 33131
*Co-Counsel for Herbalife Defendants*

Edward Salanga, Esq.
S. Douglas Knox, Esq.
Zachary S. Foster, Esq.
Brian A. Howie, Esq.
Michael S. Catlett, Esq.
QUARLES & BRADY, LLP
101 E. Kennedy Boulevard, Suite 3400
Tampa, Florida 33602
*Attorneys for Individual Defendants*

Mark T. Drooks, Esq.
Paul S. Chan, Esq.
Gopi K. Panchapakesan, Esq.
BIRD MARELLA
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067
*Attorneys for Herbalife Defendants*

Jason Jones, Esq.
JASON JONES ATTORNEY AT LAW
1147 Hunter Ave
Columbus, OH 43201
*Co-Counsel for Plaintiff*