UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-23429-Civ-COOKE/GOODMAN

PATRICIA RODGERS, *et al.*,
individually and on behalf of
all others similarly situated,

    Plaintiffs,

v.

MARK ADDY, et al.

    Defendants.

_____/

## MOTION TO STRIKE

Pursuant to Local Rule 7.1(c) of the Southern District of Florida, Plaintiffs Patricia Rodgers, Cody Pyle, Jennifer Ribalta, Izaar Valdez, Felix Valdez, and Joanna Kirby move for an Order striking Defendants' Declaration of Kevin D. Quigley In Support of Defendants' Opposition To Plaintiffs' Request To Compel Production Of Defendants' Banking And Financial Records (ECF No. 187, the "Improper Brief"). Although titled a "Declaration," the Improper Brief is nothing more than an unsolicited legal memorandum filed in violation of Local Rule 7.1(c). For the reasons discussed below, the Court should strike or, at a minimum, ignore the Improper Brief.[1]

### I. BACKGROUND

    a. **The June 3 Hearing**

On June 3, 2021, the Court held a Zoom videoconference on various discovery disputes. *See* ECF No. 184 (Minute Entry for June 3 Proceeding). One of the issues addressed

---

[1] "Whether the Court 'strikes' the argument or merely ignores it is a distinction without a practical difference for the purpose of resolving the underlying [motion]." *Jean v. Minnesota Life Ins. Co.*, 19-21626-CIV, 2020 WL 2926663, at *3 (S.D. Fla. May 12, 2020) (quoting *Boring v. Pattillo Indus. Real Estate*, 426 F. Supp. 3d 1341, 1349 (N.D. Ga. 2019)).

at the hearing was Plaintiffs' request to compel certain financial records from Defendants. *See* ECF No. 180 (Plaintiffs' Notice of Hearing). Despite not submitting any evidence in support of its undue burden objection, counsel for Defendants claimed at that hearing that complying with Plaintiffs' requests for financial records will "end up costing [his] clients hundreds of thousands of dollars . . ." ECF No. 187-5, 35:3-6 (Transcript of June 3 Hearing). The Court expressed skepticism regarding Defendants' unsubstantiated claim, stating "my sense of it is that . . . you are coming up with a knee-jerk from the seat-of-my-pants perspective." *Id.* at 38:7-10. The Court then noted it was going to give Defendants a limited opportunity to submit evidence in support of its undue burden objection at issue in that hearing. *Id.* at 38:21-39:14. The Court continued, "if you submit a vague, nebulous affidavit without specifics and just sort of sweeping language **that does not contain some sort of methodology that I can understand how you came up with the number**, then, most likely you are not going to convince me of the undue burden." *Id.* at 40:13-17 (emphasis added).

Two days later the Court entered its Post-Discovery Hearing Administrative Order which provided, in pertinent part, that "By June 10, 2021, Defendants shall file an affidavit that explains, in detail, the undue burdens that they argue are associated with complying with Plaintiffs' requests for production of the additional documents that they seek." ECF No. 186. The Court did not provide (and has not provided) leave of Court to file any brief or memoranda.

    b. **Defendant's "Declaration"**

On June 10, Defendants filed the Improper Brief but styled it as a declaration. ECF No. 187. That document, however, did not provide any evidence that explains any undue

burden "associated with complying with Plaintiffs' requests for production of the <u>additional</u> documents that they seek." ECF No. 186 (emphasis added). Instead, the affidavit:

- Provides "evidence" regarding alleged cost associated with discovery in the California Action. Improper Brief at ¶¶ 4-19.

- Provides "evidence" regarding alleged cost associated with discovery in this action not at issue at the June 3 hearing. *Id.* at ¶¶ 20-35.

- Legal arguments regarding why Plaintiffs' requests should be rejected without any citation to evidence. *Id.* at ¶¶ 36-44.

- Legal arguments regarding proportionality that hinge exclusively on unsubstantiated speculation and relevance-based arguments. *Id.* at ¶¶ 45-61.

- Legal arguments regarding why production under an Attorneys' Eyes Only designation is "not a reasonable compromise." *Id.* at ¶¶ 62-69.[2]

Noticeably absent from the Improper Brief is any evidence regarding "the undue burdens that they argue are associated with complying with Plaintiffs' requests for production of the additional documents that they seek." ECF No. 186.

## II.  Legal Standard

"Courts [] have the inherent authority to strike improperly-filed papers other than pleadings. Parties employ motions to strike to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Jean v. Minnesota Life Ins. Co.*, 19-

---

[2]This portion of Defendants' Improper Brief, which includes *ad hominem* baseless attacks against Plaintiffs' counsel Jason Jones, is improper. Neither Defendants in this action nor the defendant in the California Action have set forth any evidence of Mr. Jones violating any Court order in any case. Nor have they even alleged such a violation. Instead, Defendants urge the Court to deny Plaintiffs discovery based on the possibility that Mr. Jones will violate a federal court order. This red herring has been expressly rejected in California and should similarly be disregarded here.

21626-CIV, 2020 WL 2926663, at *3 (S.D. Fla. May 12, 2020) (quoting *Arthurs v. Glob. TPA LLC*, No. 14-CV-1209-ORL40TBS, 2015 WL 13652716, at *1 (M.D. Fla. Feb. 6, 2015)). Local Rule 7.1(c)(1) provides that other than the motions, responses, and replies provided for in that rule, "[n]o further or additional memoranda of law shall be filed and served without prior leave of Court." While supplemental filings may be appropriate in limited instances, such as notices of supplemental authority or Court-ordered affidavits, such supplemental filings "should not make legal arguments." *Santos v. Healthcare Revenue Recovery Group, LLC*, 19-23084-CIV, 2021 WL 1115851, at *4 (S.D. Fla. Mar. 23, 2021) (discussing Local Rule 7.1(c)'s prohibition on unauthorized legal memoranda and citing *Barron v. Snyder's-Lance, Inc.*, No. 13-62496-CIV, 2014 WL 2686060, at *1 (S.D. Fla. June 13, 2014)).

### III.  Argument

Here, the Improper Brief is an unauthorized legal memorandum filed in violation of Local Rule 7.1(c). At the June 3 hearing and in the subsequent June 5 Post-Discovery Order, the Court gave Defendants leave to submit an affidavit limited to Defendants' undue burden objection associated with the specific additional requests addressed that that hearing. *See* ECF No. 186. The Court then invited Plaintiffs to respond to the evidence substantiating Defendants' undue burden objection to the additional requests. *Id.*

As previously noted by this Court, "[w]hether production of documents is unduly burdensome or expensive turns primarily on whether it is kept in an accessible or inaccessible format (a distinction that corresponds closely to the expense of production)." *Kabelis v. NCL (Bahamas) Ltd.*, 20-21430-CIV, 2021 WL 790067, at *4 (S.D. Fla. Mar. 2, 2021) (quoting *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 322-23 (S.D.N.Y. 2003)). "Data that is 'accessible'", this Court continued, "is stored in a readily usable format that does need to be

4

restored or otherwise manipulated to be usable." *Id.* at *4 (internal quotations omitted). "Conversely, data that is 'inaccessible' is not readily useable and must be restored to an accessible state before the data is usable." *Id.* (internal quotations omitted). If an objecting party cannot meet their burden of proving that discovery is not reasonably accessible because an undue burden or cost, then an undue burden objection must be overruled. *See, e.g.*, *Rodriguez v. GEICO Gen. Ins. Co.*, 619CV1862ORL40GJK, 2020 WL 5983320, at *2 (M.D. Fla. June 15, 2020) (granting a motion to compel and awarding fees because "Defendants have not shown that P-Logs for the policies at issue are not reasonably accessible because of an undue burden or cost.")

Here, Defendants have failed to introduce **any** evidence explaining why the documents at issue are not readily accessible. Nor does the brief identify a single tangible cost associated with **accessing** the requested documents and information. This failure is fatal to Defendants' undue burden objection. *See, e.g.*, *Kabelis*, 2021 WL 790067, at *4 (overruling undue burden objection); *Rodriguez*, 2020 WL 5983320, at *2 (same). Defendants' failure to address the Court's sole issue renders the entirety of the Improper Brief not only irrelevant, but outside the scope of what the Court authorized.

Instead of complying with the Court's narrow instruction, Defendants have raised a number of issues that have nothing to do with the whether complying with the requests discussed on June 3 would create an undue burden for Defendants. For example, Defendants attempt to relitigate the burden associated with every prior discovery dispute in this case and in the California action. But Defendants' past burden is outside the scope of the narrow issue of Defendants' purported undue burden to comply with the requests discussed at the June 3 hearing. Plaintiffs should not be required to expend the time and resources necessary to rebut

5

irrelevant claims that are not currently at issue before the Court. And any rebuttal would compound Defendants' violation of Local Rule 7.1(c). Moreover, requiring Plaintiffs to rebut 132 pages of evidence outside the scope of the Court's original request within the truncated three business days provided by the Court is impractical.

Moreover, Defendants' attempt to distort the accessibility standard for undue burden based on a conclusory allegation that it could be unduly burdensome to **review** responsive documents (as opposed to access them, which is the appropriate Rule 26 standard). Notwithstanding the fact that any burden associated with reviewing the requested records could be neutralized by designating those records Attorneys Eyes Only, Defendants' "review" burden is based exclusively on inadmissible speculation. Defendants have not made any attempt to articulate the number of sources, statements, or mediums that would have to be searched (let alone reviewed), instead relying on a combination of speculation, arithmetic, speculation, a single example of a credit card entry that might be irrelevant, and more speculation. Improper Brief at ¶¶ 45-61. This type of evidence cannot support an undue burden analysis. *See, e.g.*, *Carter v. City of Montgomery, Alabama*, 2:15-CV-555 (RCL), 2019 WL 2110519, at *7 (M.D. Ala. May 14, 2019) ("Therefore, the City states it would have to undertake a manual review to determine whether the revocation was the cause of the issuance of the warrant. This burdensomeness argument, however, is supported by mere speculation. . . . Such speculation does not prove undue burden. . .").

Defendants remaining arguments should not be considered because they are improper legal arguments made in express violation of Local Rule 7.1(c). Plaintiffs are prepared to respond to these arguments if the Court affords them leave of Court, claiming, for example, that Defendants filing of an unauthorized 25-page brief is demonstrative of its over-lawyering

of this case (as is spending hundreds of thousands of dollars reviewing and redacting publicly available social media feeds), but otherwise will refrain from doing so to avoid joining Defendants in their violation of Local Rule 7.1(c).

### IV.     Conclusion

The Court gave Defendants an inch by providing leave to file a limited affidavit but instead they took twenty-five feet through the filing of the Improper Brief. Plaintiffs should not be required to respond to this unauthorized filing and the Court should not consider it in resolving the parties' current discovery dispute. The Court should strike the Improper Brief.

### Local Rule 7.1(a)(3) Certification

The undersigned certifies that they have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the notice and have been unable to do so. Specifically, the undersigned conferred via e-mail on June 11, 2021 but Defendants refused to withdraw the Improper Brief.

                                           *s/     Yaniv Adar*
                                           Yaniv Adar, Esq.
                                           Florida Bar No. 63804
                                           Etan Mark, Esq.
                                           Florida Bar No. 720852
                                           etan@markmigdal.com
                                           yaniv@markmigdal.com
                                           eservice@markmigdal.com
                                           Mark Migdal & Hayden
                                           80 S.W. 8th Street, Suite 1999
                                           Miami, Florida 33130

                                           *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2021, a copy of the foregoing was electronically served upon all parties.

By: *s/ Yaniv Adar*
Yaniv Adar, Esq.